1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT
                DISTRICT OF NEVADA
9

10  JEFFREY L. DRYDEN,                          )
                                                )
11                          Plaintiff,          )        Case No. 2:14-cv-01625-GMN-NJK
                                                )
12  vs.                                         )
                                                )        ORDER
13  JANITA FAEN, et al.,                        )
                                                )        (Docket No. 1)
14                          Defendants.         )
    _____)

15          Plaintiff Jeffrey L. Dryden is proceeding in this action *pro se* and has requested authority

16  pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.  Docket No. 1.  Plaintiff also submitted

17  a Complaint on October 3, 2014.  *Id.*  This proceeding was referred to this court by Local Rule IB

18  1-9.

19  **I.      *In Forma Pauperis* Application**

20          Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees

21  and costs or give security for them.  Docket No. 1.  Accordingly, the request to proceed *in forma*

22  *pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's

23  Complaint.

24  **II.     Screening the Complaint**

25          Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

26  complaint pursuant to § 1915.[1]  Federal courts are given the authority to dismiss a case if the action

27  _____

28      [1]Although § 1915 at times refers to prisoners, the Ninth Circuit has made clear that the
    screening provisions are not limited to cases initiated by prisoners.  *See, e.g., Lopez v. Smith*, 203

1    is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

2    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When

3    a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the

4    complaint with directions as to curing its deficiencies, unless it is clear from the face of the

5    complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d

6    1103, 1106 (9th Cir. 1995).

7          In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the

8    dispute before it.  *See, e.g.*, Fed. R. Civ. P. 12(h)(3).  Federal courts are courts of limited jurisdiction

9    and possess only that power authorized by the Constitution and statute.  *See Kokkonen v. Guardian*

10   *Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994).  Plaintiff bears the burden of proving that the case

11   is properly in federal court.  *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing

12   *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

13        **A. Retaliation Claim**[2]

14        Title VII allows a person to sue an employer for discrimination on the basis of race, color,

15   religion, gender, or national origin.  To sufficiently allege a *prima facie* case of retaliation in

16   violation of Title VII to survive a § 1915(a) screening, Plaintiff must establish: (1) that he or she

17   committed a protected act, such as requesting a religious accomodation; (2) that the employee

18   suffered some sort of adverse employment action; and (3) a causal connection between the

19   employee's action and the adverse act.  *See Hall v. Smart & Final, Inc.*, 2014 U.S. Dist. LEXIS

20   160532 (D. Nev. Nov. 12, 2014) (citing *Jenkins v. Lab. Corp. Of Am.*, 2013 U.S. Dist. Lexis.

21   118008, *5 (D. Nev. Aug. 20, 2013).

22        Here, it appears that Plaintiff is attempting to state a claim for retaliation in violation of Title

23   VII of the Civil Rights Act.  *See* 42 U.S.C. § 2000e.  Plaintiff represents that he was fired from his

24   _____

25   F.3d 1122, 1129 (9th Cir. 2000) (*en banc*) ("section 1915(e) applies to all in forma pauperis
     complaints, not just those filed by prisoners").

26
27        [2]   The Court does not screen Plaintiff's other claims because, in the event Plaintiff's
     retaliation claim does not survive screening, the Court would recommend dismissal for lack of
     subject matter jurisdiction.  *See, e.g.*, *Jenkins*, 2013 U.S. Dist. Lexis 118008, at *6 n. 1.

28

1   job at the Student Recreation and Wellness Center at the University on Nevada Las Vegas "because

2   he requested a reasonable accommodation for his religious beliefs."  Docket No. 1-1, at 5.

3          **B.  Subject Matter Jurisdiction**

4          To establish subject matter jurisdiction over a Title VII claim, Plaintiff must first exhaust his

5   administrative remedies.  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).  Under

6   Title VII, a claimant must exhaust his or her administrative remedies by filing a timley charge with

7   the Equal Employment Opportunity Commission (EEOC).  42 U.S.C. § 2000e-5(b).  If the EEOC

8   or the Attorney General decides not to sue, or there is no settlement that is satisfactory to claimant,

9   the EEOC will issue claimant a right to sue letter.  *See*  42 U.S.C. § 2000e-5(f)(1).  A Title VII

10  claimant must then file his or her complaint within 90 days after receipt of a right to sue letter from

11  the EEOC and attach the letter to his or her complaint.  *Johnson v. Lucky Stores, Inc.*, 928 F.2d 1137

12  (9th Cir. 1991) (holding the district court did not abuse its discretion in denying plaintiff's

13  application to proceed *in forma pauperis* when the right to sue letter was not attached to plaintiff's

14  complaint).  "These requirements are jurisdictional."  *Id.*, at *1.  Here, Plaintiff stated that the EEOC

15  issued a right to sue letter "on or about July 7. 2014," but failed to attach it to his Complaint.  *See*

16  Docket No. 1-1, at 2.

17         Accordingly, the Court **DISMISSES** the Complaint with leave to amend.

18  **III.**    **Conclusion**

19         Accordingly, **IT IS ORDERED** that:

20      1.    Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be

21           required to pay the filing fee of four hundred dollars ($400.00).

22      2.    Plaintiff is permitted to maintain this action to conclusion without the necessity of

23           prepayment of any additional fees or costs or the giving of a security therefor.  This

24           Order granting leave to proceed *in forma pauperis* shall not extend to the issuance

25           of subpoenas at government expense.

26      3.    The Clerk of the Court shall file the Complaint.

27      4.    The Complaint is **DISMISSED** for lack of subject matter jurisdiction, with leave to

28

amend.  Plaintiff will have until **January 12, 2015** to file an Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.   Failure to comply with this Order will result in the recommended dismissal of this case without prejudice.

Dated: December 11, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge