UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY L. DRYDEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JANITA FAEN, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:14-cv-01625-GMN-NJK <br><br> ORDER |

Plaintiff Jeffrey Dryden is proceeding in this action *pro se*. On October 3, 2014, he filed an Application to proceed *in forma pauperis*. Docket No. 1. On December 11, 2014, the Court granted Plaintiff's request pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 3. When Plaintiff submitted his application, he signed an acknowledgment, indicating that he understood that a false or misleading statement in his application may result in sanctions, including the "dismissal of [his] case with prejudice." Docket No. 1 at 3.

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915 which provides, in relevant part, that the court shall dismiss the case if "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2). On August 5, 2015, Plaintiff filed an emergency motion for extension of time or waiver of current deadline, which states, *inter alia*, that since 2002, he has been a dealer at the World Series of Poker every summer, the wages he receives from the World Series of Poker "constitute a significant portion of [his] annual income," and that he owns a truck. Docket No. 12 at 2-3. Plaintiff declared, under penalty of perjury, that the information contained in the affidavit

1  in support of his emergency motion for extension is true and correct. *Id.*, at 5. Nonetheless, Plaintiff
2  failed to include any mention of the employment with the World Series of Poker, as well as the
3  amount of money he received from the World Series of Poker and failed to disclose his truck in his
4  application to proceed *in forma pauperis*. *See* Docket 1.

5        As a result, the Court issued an order to show cause in writing, no later than September 4,
6  2015, why Plaintiff's case should not be dismissed with prejudice. Docket No. 13. In response to
7  the Court's Order, Plaintiff admits that he owned a 2005 Ford Explorer on October 3, 2014,[1] but
8  failed to disclose it. Docket No. 19 at 2. He asserts that this omission was an unintentional
9  oversight. *Id.*, at 6. Plaintiff further admits that he worked for the World Series of Poker from May
10 23 through July 9, 2014. *Id.*, at 2-3. Plaintiff states that "[c]ontrary to this Court's understanding,"
11 he did not fail to mention this employment because he was not required to do so on the Application
12 form. *Id.*, at 3. Plaintiff asserts that the Application does not inquire about income from prior
13 employment. *Id.*, at 4. Plaintiff is incorrect.

14       The Application, in question 2, clearly requires Plaintiff to disclose any money he has
15 received from any source during the twelve months prior to filing it. Docket No. 1 at 1-2. The
16 question further requires Plaintiff to describe each source of money and state the amount received
17 from each during the past twelve months. *Id.*, at 2. Plaintiff did not fail to read this question, as he
18 affirmatively checked "No" five times in response to the question. *Id.*, at 1-2.[2]

19 . . . .

20 . . . .

21

---

22     [1] Plaintiff uses the date October 3, 2015, which is clearly incorrect. Docket No. 19 at 2.

23     [2] To the extent Plaintiff attempts to blame his failure to answer questions correctly on prior
24 sloppiness in school, Docket No. 19 at 6, the Court is unpersuaded. Unlike school tests, Plaintiff
   filed his Application under the penalty of perjury and specifically declared that all answers were true.
25 Docket No. 1 at 3.

26     Further, to the extent Plaintiff attempts to blame his failure to provide complete information
   on the fact that he has filed several cases in this Court, Docket No. 19 at 2-3, the Court is similarly
27 unpersuaded. *See, e.g.*, *Nationstar Mortgage LLC v. Aurora Canyon Homeowners Association*, Case
   No.2:15-cv-1308-MMD-NJK (D. Nev. Aug. 21, 2015) (Docket No. 26) (citing *Greene v. Alhambra
28 Hosp. Med. Ctr.*, 2015 U.S. Dist. Lexis 72697, *3 (D. Nev. June 3, 2015) (rejecting contention that
   overcommitment created by litigating many lawsuits was grounds for extension)).

1      The Court will allow Plaintiff one final opportunity to file a true and correct Application to
2 proceed *in forma pauperis*.  Plaintiff must file it no later than **October 1, 2015**, and it must be
3 accurate and complete up to the date that he signs it, and contain all information that the form
4 requires.  Failure to file the renewed Application by October 1, 2015, will result in a
5 recommendation to the District Judge of dismissal with prejudice.

6      The Court defers ruling on its Order to Show Cause until it has the opportunity to review
7 Plaintiff's renewed Application.  Further, this case remains stayed pending resolution of the Court's
8 Order to Show Cause.

9      IT IS SO ORDERED.

10     DATED: September 11, 2015.

_____
NANCY J. KOPPE
United States Magistrate Judge