# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY L. DRYDEN,<br><br>        Plaintiff,<br><br>vs.<br><br>JANITA FAEN, et. al.,<br><br>        Defendants. | Case No. 2:14-cv-01625-GMN-NJK<br><br>ORDER |

Pending before the Court is Defendants' Emergency Motion to Stay Proceedings. Docket No. 42. The Court ordered Plaintiff to file his response to this motion no later than January 19, 2016. Docket No. 43. To date, Plaintiff has failed to comply. *See* Docket. The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-2.

The Court has inherent power to control its docket, including the discretion to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The determination of whether to stay proceedings is best determined by weighing the competing interests of the parties and of the Court. *Id*.

> "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); citing *Landis*, 299 U.S. at 268.

Here, Defendants ask the Court to stay the instant proceedings pending resolution of a related State Court action. Docket No. 42 at 1. Defendants submit that the State Court action, which was filed prior to the instant action, contains many related and overlapping issues as the issues in the instant action, and the same eleven parties. *Id*. at 6, 8. By way of example, Defendants submit that "both cases revolve around the same alleged discriminatory acts by the same Defendants," and "the key factual

paragraphs in Plaintiff's [State and Federal Court] pleadings are the same." *Id*. at 6. Further, Defendants contend that the State Court action will, among other things, likely influence discovery in the instant action. *Id*. at 7.

As Plaintiff has failed to respond to Defendants' motion, it may be granted as unopposed. *See* Local Rule 7-2(d). Additionally, in reviewing the motion, the Court finds that good cause exists to grant it. Having determined that good cause exists to grant Defendants' motion, the undersigned has consulted with the chambers of Chief United States District Judge Gloria M. Navarro and United States Magistrate Judge Peggy A. Leen regarding the pending motions and the currently scheduled Early Neutral Evaluation (ENE). As a result, the Court denies without prejudice all pending motions, and vacates the ENE set for January 27, 2016.

Based on the foregoing, and good cause appearing therefore,

IT IS ORDERED that Defendants' Emergency Motion to Stay Proceedings, Docket No. 42, is **GRANTED**. This matter is stayed in its entirety pending resolution of *Jeffrey L. Dryden v. Phillip Burns, et al.*, Case No. A-14-700787-C in the Eighth Judicial Court, Clark County, Nevada.

IT IS FURTHER ORDERED that Defendants must file a status report every 30 days, updating this Court on the status of the State Court action.

IT IS FURTHER ORDERED that, within seven days of resolution of the State Court action, Defendants shall file notice of such resolution with this Court.

IT IS FURTHER ORDERED that all pending motions, Docket Nos. 15, 20, 21, 22, 27, 30, 38, and 40, are **DENIED** without prejudice. If the parties choose to refile any or all of these motions after the stay is lifted, they must address all of the changed circumstances at that time.

IT IS FURTHER ORDERED that the Early Neutral Evaluation, currently scheduled for January 27, 2016, is **VACATED**.

IT IS SO ORDERED.

DATED: January 22, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge