# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JEFFREY L. DRYDEN,

        Plaintiff,

vs.

JANITA FAEN, *et al.*,

        Defendants.

Case No.: 2:14-cv-01625-GMN-NJK

**ORDER**

Before the Court is the Motion to Dismiss, (ECF No. 59), filed by Defendants Phillip Burns, Juanita Fain (erroneously named "Janita Faen"), Jamie Davidson, Jeff Wells, and Erin Farrar (collectively "Defendants"). Pro se Plaintiff Jeffrey L. Dryden ("Plaintiff")[1] has failed to file a response to the Motion to Dismiss. For the reasons that follow, the Court GRANTS Defendants' Motion to Dismiss, and Plaintiff's Second Amended Complaint, (ECF No. 28), is hereby dismissed.

**I.    BACKGROUND**

On January 6, 2017, Defendants filed their renewed Motion to Dismiss. (*See* Mot. to Dismiss, ECF No. 59). Pursuant to Local Rule 7-2(b) of the Local Rules of Practice of the United States District Court for the District of Nevada, Plaintiff had fourteen days after service of the Motion to file a response. Accordingly, Plaintiff had until January 20, 2017, to file a response. Not only did Plaintiff fail to meet this deadline, Plaintiff has failed to file any response at all.

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Page 1 of 3

## II. DISCUSSION

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. Local R. 7-2(d). As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002). However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009). Further, Plaintiff's failure to timely respond to Defendants' Motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Less drastic sanctions available to the Court include dismissal of Plaintiff's Second Amended Complaint without prejudice.

The fifth factor also does not weigh in favor of Plaintiff because it is not clear that this case was likely to be decided on the merits. Plaintiff has failed to take any action since the Motion to Dismiss was filed. Accordingly, the Court concludes that consideration of the five factors discussed above weighs in favor of dismissal.

**III.     CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 59), is **GRANTED**. Plaintiff's Second Amended Complaint, (ECF No. 28), is **DISMISSED without prejudice**.

The Clerk shall close the case and enter judgment accordingly.

**DATED** this __19__ day of April, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge